**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KATHERINE FINGER, | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE** |
| KNOWBE4, INC., JEREMIAH DALY, | ) | **FEDERAL SECURITIES LAWS** |
| STEPHEN SHANLEY, KARA WILSON, | ) | |
| GERHARD WATZINGER, KEVIN | ) | JURY TRIAL DEMANDED |
| KLAUSMEYER, SHRIKRISHNA | ) | |
| VENKATARAMAN, and SJOERD | ) | |
| SJOUWERMAN, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Katherine Finger ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against KnowBe4, Inc. ("KnowBe4" or the "Company") and the members of KnowBe4's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell KnowBe4 to Vista Equity Partners Management, LLC ("Vista") (the "Proposed Transaction").

2. On October 11, 2022, KnowBe4 entered into an Agreement and Plan of Merger with Oranje Holdco, LLC ("Parent") and Oranje Merger Sub, Inc. ("Merger Sub") (the "Merger

Agreement"). Parent and Merger Sub are affiliates of Vista. Under the terms of the Merger Agreement, Vista will acquire KnowBe4 for $24.90 in cash per share of KnowBe4 common stock, other than shares currently owned by Vista and KnowBe4 stockholders who have agreed to "roll over" a portion of their existing equity in KnowBe4 into an ownership interest in the parent company of Parent or purchase equity in Parent, including KKR & Co. Inc. ("KKR") and its affiliates, funds affiliated with Elephant Partners ("Elephant") (the "Elephant Funds"),[1] and the Company's founder, Chief Executive Officer, and Chairperson of the Board, defendant Sjoerd Sjouwerman ("Sjouwerman").

3. On December 22, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (as revised, the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that KnowBe4 stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the financial analyses that support the fairness opinion provided by the financial advisor to the special committee of the Board ("Special Committee"), Morgan Stanley & Co. LLC ("Morgan Stanley"); and (ii) the background of the Proposed Transaction.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as KnowBe4 stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for KnowBe4 stockholders to vote on the Proposed Transaction is currently scheduled for January 31, 2023. It is imperative that such Exchange Act

---

[1] The "Elephant Funds" include Elephant Partners I, L.P., Elephant Partners II, L.P. for itself and as nominee for Elephant Partners II-B, L.P. and Elephant Partners 2019 SPV-A, L.P.

violations are promptly cured to enable Plaintiff and KnowBe4's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of KnowBe4 common stock.

10. Defendant KnowBe4 is a Delaware corporation, with its principal executive offices located at 33 N. Garden Avenue, Suite 1200, Clearwater, Florida 33755. KnowBe4's shares trade on the Nasdaq Global Select Market under the ticker symbol "KNBE."

11. Defendant Jeremiah Daly ("Daly") has been a director of the Company at all relevant times. Defendant Daly is a co-founder of Elephant, the Company's largest stockholder,

owning approximately 21.1% of the Company's outstanding shares. In connection with the Proposed Transaction, the Elephant Funds agreed to "roll over" a portion of their existing equity in KnowBe4 and are expected to own approximately 12.6% of the post-close company. *See* Proxy Statement at 71.

12. Defendant Stephen Shanley ("Shanley") has been a director of the Company at all relevant times. Defendant Shanley is the Head of KKR's Technology Growth business in Europe. KKR and its affiliates are the Company's second largest stockholder, owning approximately 14.8% of the Company's outstanding shares. In connection with the Proposed Transaction, KKR and its affiliates agreed to "roll over" a portion of their existing equity in KnowBe4 and are expected to own approximately 8.9% of the post-close company. *See id.*

13. Defendant Kara Wilson has been a director of the Company at all relevant times.

14. Defendant Gerhard Watzinger ("Watzinger") has been a director of the Company at all relevant times. Defendant Watzinger is Chairperson of the Special Committee.

15. Defendant Kevin Klausmeyer ("Klausmeyer") has been a director of the Company at all relevant times. Defendant Klausmeyer is a member of the Special Committee.

16. Defendant Shrikrishna Venkataraman ("Venkataraman") has been a director of the Company at all relevant times and previously served as the Company's Co-President and Chief Financial Officer. Defendant Venkataraman is a member of the Special Committee.

17. Defendant Sjouwerman is the founder of the Company and has been Chief Executive Officer of the Company and Chairperson of the Board at all relevant times. Defendant Sjouwerman is the Company's fourth largest stockholder, owning approximately 2.6% of the Company's outstanding shares. In connection with the Proposed Transaction, defendant

Sjouwerman agreed to "roll over" a portion of his existing equity in KnowBe4 and is expected to own approximately 1.6% of the post-close company. *See id.*

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

**Background of the Company**

19. KnowBe4 engages in the development, marketing, and sale of its Software-as-a-Service-based security awareness platform. The Company provides a platform incorporating security awareness training and simulated phishing with analytics and reporting that helps organizations manage the ongoing problem of social engineering. Its products include Kevin Mitnick Security Awareness Training, a security awareness training product; Compliance Plus, a compliance training product, which enables organizations to offer their employees with relevant, timely, and engaging compliance content across a range of topics from data privacy to diversity, equity, and inclusion; PhishER, its security orchestration, automation, and response product, which enables security professionals to prioritize and automate security workstreams in response to attacks targeted at the human layer; and KnowBe4 Compliance Manager, its governance, risk, and compliance product that enables organizations to analyze security risk and automate the management of compliance and audit functions. KnowBe4 also offers Security Coach, a solution to address human behavior risks through human detection and response; and PasswordIQ which is used to mitigate risk related to password hygiene issues, such as weak or breached passwords. The Company serves its customers directly through inside sales teams for enterprise and small and medium businesses, and indirectly through channel partners and managed service providers.

**The Proposed Transaction**

20. On October 12, 2022, KnowBe4 announced that it had entered into the Proposed Transaction, stating, in relevant part:

> TAMPA BAY, Fla.--(BUSINESS WIRE)--Oct. 12, 2022-- KnowBe4, Inc. (the "Company" or "KnowBe4") (Nasdaq: KNBE), the provider of the world's largest security awareness training and simulated phishing platform, today announced that it has entered into a definitive agreement to be acquired by Vista Equity Partners ("Vista") in an all-cash transaction valued at approximately $4.6 billion on an equity value basis.
>
> Under the terms of the merger agreement, KnowBe4 stockholders will receive $24.90 per share in cash upon completion of the proposed transaction. The per share purchase price represents a 44 percent premium to the Company's unaffected closing price on September 16, 2022, the last full trading day before Vista publicly disclosed its initial non-binding acquisition proposal on its Schedule 13-D. As disclosed by KnowBe4 in a press release dated September 19, 2022, an independent Special Committee of KnowBe4's Board of Directors (the "Special Committee") was formed to review this proposal and other potential value creation opportunities.
>
> "Today's announcement is a testament to the success of our strategy and the strength of our incredible team. This acquisition by Vista represents the next phase of our journey," said Stu Sjouwerman, founder, Chairman and Chief Executive Officer of KnowBe4. "KnowBe4 has a strong record of performance, as evidenced by our market-leading platform and global customer base. Under Vista's ownership, we will have access to additional resources and support, which will help us achieve our goals and deliver enhanced value to our customers. We look forward to partnering with Vista's team to continue empowering businesses worldwide to strengthen their human firewall and make smarter security decisions every day."
>
> "As a trusted partner to enterprise software companies around the world, we make a point to invest in businesses that make a difference and have a demonstrated track record of success," said Michael Fosnaugh, Co-Head of Vista's Flagship Fund and Senior Managing Director. "We look forward to leveraging our deep understanding of the business to help Stu and his talented and experienced team address the human element of cybersecurity."
>
> "As a significant investor in KnowBe4, we could not be more excited to take this next step in our journey together," commented Rod Aliabadi, Managing Director at Vista. "We have long appreciated the work that KnowBe4 does in strengthening the human layer of cybersecurity through educating employees on how to identify social engineering and related cyber threats."

**Certain Terms, Approvals and Timing**

Under the terms of the agreement, which was unanimously approved and recommended to the Board by the Special Committee and then unanimously approved and recommended for approval by the stockholders by KnowBe4's Board of Directors, KnowBe4 stockholders will receive $24.90 in cash for each share of common stock that they own.

In connection with Vista's initial acquisition proposal, KnowBe4, under the supervision of the Special Committee and its legal and financial advisors, engaged in a robust process, including evaluating transaction alternatives against KnowBe4's standalone plan and other strategic alternatives. Following this process, the Special Committee and KnowBe4's Board of Directors each unanimously determined that the transaction with Vista is in the best interests of KnowBe4 and its stockholders.

In connection with the transaction, Vista has entered into support agreements with Mr. Sjouwerman and investment funds affiliated with KKR and Elephant Partners. Under these agreements, which collectively account for approximately 83 percent of KnowBe4's outstanding voting power, the applicable stockholders have agreed to vote all of their shares of KnowBe4 common stock in favor of the transaction, subject to certain terms and conditions contained therein, and to roll some of their existing equity into the acquiring company or purchase equity in the acquiring company. Vista intends to finance the transaction through a combination of debt and equity financing, including the rollover and investment contemplated by the support agreements.

The transaction is expected to close in the first half of 2023, subject to customary closing conditions, including receipt of regulatory approvals and approval by KnowBe4 stockholders. The transaction is subject to approval by the holders of (i) a majority of the voting power of KnowBe4's outstanding common stock, (ii) a majority of the voting power of KnowBe4's outstanding common stock not owned by Vista, certain members of KnowBe4's management and stockholders rolling some or all of their existing equity in KnowBe4, and certain of their respective affiliates, including, but not limited to, Mr. Sjouwerman and investment funds affiliated with KKR and Elephant Partners, and (iii) a majority of the outstanding shares of each of KnowBe4's Class A common stock and Class B common stock, voting as separate classes. Upon completion of the transaction, KnowBe4's shares will no longer trade on the Nasdaq Global Select Market, and KnowBe4 will become a private company.

The foregoing description of the merger agreement and the transactions contemplated thereby is subject to, and is qualified in its entirety by reference to, the full terms of the merger agreement, which KnowBe4 will be filing on Form 8-K.

**Advisors**

Morgan Stanley & Co. LLC is serving as financial advisor to the Special Committee, Wilson Sonsini Goodrich & Rosati, Professional Corporation is serving as KnowBe4's legal advisor and Potter Anderson & Corroon is serving as the Special Committee's legal advisor.

Kirkland & Ellis LLP is serving as legal counsel and Guggenheim Securities, LLC is serving as financial advisor for Vista.

Gibson, Dunn & Crutcher LLP is serving as legal counsel to KKR, Latham & Watkins LLP is serving as legal counsel to Elephant Partners and Moulton Moore Stella LLP is serving as legal counsel to Mr. Sjouwerman.

**The Materially Incomplete and Misleading Proxy Statement**

21. On December 22, 2022, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that KnowBe4 stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the financial analyses that support the fairness opinion provided by the Special Committee's financial advisor, Morgan Stanley; and (ii) the background of the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning Morgan Stanley's Financial Analyses*

22. The Proxy Statement fails to disclose material information concerning Morgan Stanley's financial analyses.

23. With respect to Morgan Stanley's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the Company's terminal values; (ii) the Company's net debt; and (iii) the Company's outstanding shares on a fully diluted basis used in the analysis.

24. With respect to Morgan Stanley's *Public Trading Comparables Analysis* and *Precedent Transactions Multiples Analysis*, the Proxy Statement fails to disclose the individual

Case 1:23-cv-00021-RGA   Document 1   Filed 01/10/23   Page 9 of 14 PageID #: 9

financial metrics for each of the selected companies and transactions analyzed by Morgan Stanley, respectively.

25. With respect to Morgan Stanley's *Illustrative Precedent Premiums* analysis, the Proxy Statement fails to disclose the individual premiums observed for each transaction.

26. With respect to Morgan Stanley's *Equity Research Analysts' Future Price Targets* analysis, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

27. The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction.

28. For example, according to the Proxy Statement, Vista was bound by an existing non-disclosure agreement with KnowBe4 that the parties entered into on March 12, 2020, prior to KnowBe4's initial public offering ("IPO"), with an approximate six-month period remaining on the term as of July 29, 2022. *See id.* at 32, 34. The Proxy Statement further sets forth that in addition to Vista, prior to its IPO, "KnowBe4 had a small number of high-level conversations with other potential acquirors." *Id.* at 28. Yet, the Proxy Statement fails to disclose whether the Company entered into non-disclosure agreements with any other potential acquirers pre-IPO and, if so, whether any of the non-disclosure agreements remained in effect during the sale process and include a "don't-ask, don't-waive" standstill provision that precludes or precluded any of these parties from submitting a topping bid for the Company.

29. In addition, according to the Proxy Statement, in connection with "Vista's routine process for evaluating its current investments," Vista discussed a potential acquisition of the Company with defendant Shanley, an employee of KKR, on May 20, 2022 and June 1, 2022, with

9

defendant Daly, the co-founder and general partner of Elephant, on June 8, 2022, and with defendant Sjouwerman, the Company's founder, on June 16, 2022. *Id.* at 28. Although each of KKR, Elephant and defendant Sjouwerman have agreed to roll over certain of the shares in connection with the Proposed Transaction, the Proxy Statement fails to disclose whether the parties discussed the potential participation of KKR, Elephant and defendant Sjouwerman in a transaction at these meetings. Notably, although Vista met with defendant Venkataram on May 26, 2022 in connection with "Vista's routine process for evaluating its current investments," according to the Proxy Statement, Vista did not discuss the Company's interest in a potential sale with defendant Venkataram. *Id.*

30. Moreover, the Proxy Statement fails to disclose the details of the respective negotiations regarding the rollover, including but not limited to with respect to Morgan Stanley's September 13, 2022 discussions with defendants Shanley and Daly regarding KKR's and the Elephant Funds' "potential interest in an equity rollover in connection with a potential acquisition of KnowBe4 by Vista and the potential quantum of such equity rollover" which Morgan Stanley conveyed to Vista. *Id.* at 38.

31. In sum, the omission of the above-referenced information renders statements in the "Opinion of Morgan Stanley & Co. LLC" and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of KnowBe4 will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and KnowBe4**

32. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  KnowBe4 is liable as the issuer of these statements.

34. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

35. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

37. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

38. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

39. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of KnowBe4 within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of KnowBe4 and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

44. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of KnowBe4, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  January 10, 2023                                             **LONG LAW, LLC**

                                                                    By   */s/ Brian D. Long*
                                                                    Brian D. Long (#4347)
**OF COUNSEL:**                                                     3828 Kennett Pike, Suite 208
                                                                    Wilmington, DE 19807
**ACOCELLI LAW, PLLC**                                              Telephone: (302) 729-9100
Richard A. Acocelli                                                 Email: BDLong@longlawde.com
33 Flying Point Road, Suite 131
Southampton, NY 11968                                               *Attorneys for Plaintiff*
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com